Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE, et al., | Case No.: C12-2986 SI |
| Plaintiffs, | **NOTICE & ACKNOWLEDGMENT; and** |
| v. | **JUDGMENT PURSUANT TO STIPULATION; [~~PROPOSED~~] ORDER THEREON** |
| ADVANCED ROCK CRUSHING SERVICE, LLC, a California Limited Liability Company; | |
| and TODD WEIHER, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs F.G. CROSTHWAITE, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant TODD WEIHER, an individual and Defendant ADVANCED ROCK CRUSHING SERVICE, LLC, a California Limited Liability Company, and/or alter egos and/or successor entities ("Defendants"), as follows:

1.      Defendants entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.      TODD WEIHER hereby acknowledges that he has received the following documents in this action: Summons; Complaint; ECF Registration Information Handout; Certification of Interested Entities or Persons Pursuant to Local Rule 3-16; Welcome to the U.S. District Court San Francisco; Notice of Assignment of Case to a United States Magistrate Judge

1  for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination

2  to Proceed Before a Magistrate Judge and Request For Reassignment to A United States District

3  Judge (Blank Form); Order Setting Initial Case Management Conference and ADR Deadlines;

4  Civil Standing Order For Magistrate Judge Jacqueline Scott Corley; Standing Order for All Judges

5  of the Northern District of California, Contents of Joint Case Management Statement; ADR

6  Dispute Resolution Procedures in the Northern District of California; Instructions for Completion

7  of ADR Forms Regarding Selection of and ADR Process; Stipulation and [Proposed] Order

8  Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form);

9  ADR Certification By Parties and Counsel (Blank Form); Declination to Proceed Before a

10 Magistrate Judge and Request for Reassignment; Notice of Impending Reassignment to a United

11 States District Court Judge; Reassignment Order; Case Management Conference Order; Judge

12 Illston's Standing Order; Standing Order for All Judges of the Northern District of California,

13 Contents of Joint Case Management Statement; Request to Continue Case Management

14 Conference and Proposed Order Thereon; Order Continuing Case Management Conference'

15 Request to Extend Time for Service; Declaration of Blake E. Williams In Support Thereof; Email

16 from Court dated 10/12/12 providing Docket Text regarding Order granting Motion to extend

17 service of complaint to 12/7/12; Request to Continue Case Management Conference; Proposed

18 Order Thereon.

19         ///

20         ///

21         ///

22         ///

23         ///

24         ///

25         ///

26         ///

27         ///

28         ///

3.    Defendants have become indebted to the Trust Funds as follows:

| Work Month-Year | Total Contributions Reported | Unpaid Contributions Due | Liquidated Damages* | Interest** thru 11/1/12 | |
|---|---|---|---|---|---|
| 9/09 | 4,099.32 | 0.00 | 819.86 | 776.24 | |
| 10/09 | 3,907.20 | 1,395.06 | 781.44 | 881.08 | |
| 1/10 | 888.00 | 753.00 | 177.60 | 199.98 | |
| 11/10 | 7,113.60 | 3,516.12 | 1,422.72 | 817.88 | |
| 12/10 | 5,098.08 | 4,053.18 | 1,019.62 | 705.46 | |
| 1/11 | 4,860.96 | 3,864.66 | 972.19 | 639.80 | |
| 2/11 | 7,113.60 | 5,655.60 | 1,422.72 | 892.82 | |
| 3/11 | 7,113.60 | 5,655.60 | 1,422.72 | 844.80 | |
| 6/11 | 5,548.32 | 568.80 | 1,109.66 | 82.73 | |
| 11/11 | 10,792.80 | 8,862.12 | 2,158.56 | 736.33 | |
| 12/11 | 10,792.80 | 8,862.12 | 2,158.56 | 663.50 | |
| 1/12 | 10,792.80 | 8,862.12 | 2,158.56 | 588.43 | |
| 2/12 | 10,539.60 | 8,640.06 | 2,107.92 | 505.16 | |
| 3/12 | 10,792.80 | 8,862.12 | 2,158.56 | 443.15 | |
| 6/12 | 11,240.40 | 0.00 | 2,248.08 | 2.55 | |
| 7/12 | 17,343.04 | 17,343.04 | 3,468.61 | 220.98 | |
| 8/12 | 17,872.16 | 17,872.16 | 3,574.43 | 115.89 | |
| Subtotals | | $104,765.76 | $29,181.81 | $9,116.78 | |

| | |
|---|---|
| **Unpaid Contributions, Liquidated Damages, Interest thereon** (9/09; 10/09; 1/10; 11/10-3/11; 6/11; 11/11-3/12, breakdown above) | **$143,064.35** |
| **Liquidated Damages\* for Late Paid Contributions** (1/09-5/09; 7/09; 8/09; 5/10; 6/10; 8/10; 5/11; 7/11-10/11; 4/12 ) | **$8,402.06** |
| **Interest\*\* for Prior Late Paid Contributions** (8/09; 5/10; 6/10; 8/10; 5/11; 7/11-10/11; 4/12 ) | **$962.09** |
| **Attorneys' Fees (through 10/26/12)** | **$3,451.50** |
| **Complaint Filing Fee; Service of Process** | **$350.00** |
| ***Grand Total:*** | ***$156,230.00*** |

\* Liquidated damages have been assessed pursuant to the Trust Funds' procedures, calculated as follows: *9/09; 10/09; 1/10; 11/10-3/11; 6/11; 11/11-3/12; 6/12-8/12:* 20% of total contributions reported due, as contributions were unpaid as of the filing of the Complaint in this matter, and were either late paid thereafter or remain unpaid to date; *1/09-5/09; 7/09; 8/09; 5/10; 6/10; 8/10; 5/11; 7/11-10/11; 4/12:* 10% of delinquent contributions owed to each Trust Fund and/or Bargained Plan (except for The Vacation and Holiday Pay Plan and union dues, which are excluded from the "assessable" funds, and accrue no liquidated damages), as contributions were late paid prior to the filing of the Complaint in this matter.

\*\* Interest has been incurred, pursuant to the Trust Funds' procedures, calculated as follows: 10% per annum on the contributions which are assessed liquidated damages, from the 26th day of each month in which the contributions were due, through the date of receipt of payment (if late paid) or through 11/1/12 (if unpaid).The Trust Funds make no claim for interest incurred through 12/31/09 for hours worked through 7/09.

4.     Defendants shall *conditionally* pay **$128,042.10**, representing all of the above amounts, less liquidated damages in the amount of **$28,187.90** (which is 75% of the total liquidated damages assessed). ***This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,*** as follows:

(a)     Beginning on or before November 20, 2012, and continuing on or before the 20th day of each month thereafter for a period of six (6) months through April 20, 2014, Defendants shall pay to Plaintiffs the amount of **$4,500.00** per month; thereafter, for a period of eighteen (18) months, through October 20, 2014, Defendants shall pay to Plaintiffs the amount of **$6,400.00** per month.

(b)     Payments may be made by joint check, cashier's check or other irrevocable form of payment to be endorsed prior to submission. Upon execution of this agreement, Defendants shall provide Plaintiffs with a comprehensive list of all jobs worked (using the form attached as Exhibit A) during the delinquency period. Defendants shall also provide certified payroll reports and/or other documentation to assist Plaintiffs in calculating the amount due on each job. Defendants shall execute any necessary release and/or joint checks to assist Plaintiff in collecting amounts due under the terms of this Stipulation. Any amounts collected shall be applied as a credit against the balance due. Failure to comply with any of these terms shall constitute a default.

(c)     Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, from November 2, 2012, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(e)     Payments shall be made payable to the "***Operating Engineers' Trust Fund,***" and delivered to Blake E. Williams, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the 20th day of each month;**

1         (f)      Defendants shall pay all additional costs and attorneys' fees incurred by

2   Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

3   Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

4         (g)      Prior to October 20, 2014, the deadline for Defendants' last monthly

5   payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify

6   Defendants in writing of the final amount due, including interest and additional attorneys' fees and

7   costs, as well as any other amounts due under the terms herein. All additional amounts due

8   pursuant to the provisions hereunder shall be paid in full with the final stipulated payment.

9         (h)      At the time Defendants make their last monthly payment toward the

10  conditional balance owed under the Stipulation, Defendants may submit a written request for a

11  waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson

12  Law Corporation with that payment. Defendants will thereafter be advised as to whether or not the

13  waiver has been granted. If the waiver is granted, upon bank clearance of Defendants' last

14  payment of the conditional balance and confirmation that Defendants' account is otherwise

15  current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the

16  waiver is denied, monthly payments will continue until all liquidated damages due have been paid.

17        (i)      Failure to comply with any of the above terms shall constitute a default of

18  the obligations under this Agreement and the provisions of ¶13 shall apply.

19        5.      Beginning with contributions due for hours worked by Defendants' employees

20  during the month of September 2012, which are due by October 15, 2012, and delinquent if not

21  received by October 31, 2012, and for every month thereafter, Defendants **shall remain current**

22  **in reporting and payment of any contributions** due to Plaintiffs under the current Collective

23  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

24  the Declarations of Trust as amended. **Defendants shall submit a copy of the contribution**

25  **report for each month, together with a copy of that payment check, either by email to both**

26  **bwilliams@sjlawcorp.com and ethurman@sjlawcorp.com, or by facsimile to Blake E.**

27  **Williams at 415-882-9287, or to such other fax number as may be specified by Plaintiffs,**

28  **prior to or concurrent with sending the payment to the Trust Fund office.** Failure by

1    Defendants to timely submit copies of current contribution reports and payments to Blake E.

2    Williams as described above shall constitute a default of the obligations under this agreement.

3         6.    Defendants shall make full disclosure of all jobs on which Operating Engineers'

4    members are working by providing Plaintiffs with an ongoing and updated list of jobs including,

5    but not limited to, the name and address of job, general contractor information, certified payroll if

6    a public works job, and period of work. **Defendants shall submit said updated list each month**

7    **together with the contribution report (as required by this Stipulation) either by email to**

8    **both bwilliams@sjlawcorp.com and ethurman@sjlawcorp.com, or by facsimile to Blake E.**

9    **Williams at 415-882-9287.** This requirement remains in full force and effect regardless of

10   whether or not Defendants have ongoing work. In this event, Defendants shall submit a statement

11   stating that there are no current jobs. A blank job report form for Defendants' use is attached

12   hereto as *Exhibit A.* **To the extent that Defendants are working on a Public Works job, or any**

13   **other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of**

14   **said Reports will be emailed or faxed to Blake E Williams, concurrently with their**

15   **submission to the general contractor, owner or other reporting agency.** Failure by Defendants

16   to timely submit updated job lists shall constitute a default of the obligations under this agreement,

17   and shall obligate Defendants to disclose all jobs, including jobs on which no Operating

18   Engineers' members are working going forward, even in the event that default is cured.

19        7.    Failure by Defendants to remain current in reporting or payment of contributions

20   shall constitute a default of the obligations under this agreement. Any such unpaid or late paid

21   contributions, together with 20% liquidated damages and 10% per annum interest accrued on

22   contributions, shall be added to and become a part of this Judgment and subject to the terms

23   herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

24   Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

25   any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

26   to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

27   are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to

28   any such additional amounts determined as due.

8.      **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement.

(a)      In the event that Defendants have an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendants by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b)      Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendants do not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Blake E. Williams.

(c)      If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d)      If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

(e)      If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f)      Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

9.   In the event that any check is not timely submitted, is submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this too shall be considered to be a default on the Judgment entered. If Defendants fail to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

10.   TODD WEIHER acknowledges that he is the President of Defendant ADVANCED ROCK CRUSHING SERVICE, LLC, and that he is authorized to enter into this Stipulation on its behalf.

11.   TODD WEIHER acknowledges that he is personally guaranteeing all amounts due under the terms of the Stipulated Judgment. ADVANCED ROCK CRUSHING SERVICE, LLC, and all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which Defendant, joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantor. This shall include any additional entities in which TODD WEIHER is an officer, owner or possesses any ownership interest. Defendants and all such entities specifically consent to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

12.   If a default occurs, Plaintiffs shall make a written demand, sent to Defendants by first class mail and by facsimile to 209-838-3314 to cure said default. Default will only be cured by the issuance of a replacement, cashier's check (if the default is caused by a failed check), or at the request of Plaintiffs, to be delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

13.   In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a)   The entire amount of **$156,230.00** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

1 liquidated damages and 10% per annum interest thereon, shall be immediately due, together with

2 any additional attorneys' fees and costs incurred in this action, including those identified under

3 section (d) below;

4         (b)    A Writ of Execution may be obtained against Defendants without further

5 notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

6 upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment

7 theretofore made by or on behalf of Defendants and the balance due and owing as of the date of

8 default. <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings,</u>

9 <u>including, but not limited to, Plaintiffs' obtaining a Writ of Execution;</u>

10         (c)    Defendants waive notice of Entry of Judgment and expressly waive all

11 rights to stay of execution and appeal. The declaration or affidavit of a duly authorized

12 representative of Plaintiffs as to the balance due and owing as of the date of default shall be

13 sufficient to secure the issuance of a Writ of Execution;

14         (d)    Defendants shall pay all additional attorneys' fees and costs incurred by

15 Plaintiffs in connection with this matter, including those incurred for collection and allocation of

16 the amounts owed by Defendants to Plaintiffs under this Stipulation. The additional attorneys' fees

17 and costs shall be paid by Defendants as set forth above, regardless of whether or not Defendants

18 default under the terms of this Stipulation.

19     14.    Any failure on the part of the Plaintiffs to take any action against Defendants as

20 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

21 a waiver of any subsequent breach by the Defendants of any provisions herein.

22     15.    In the event of the filing of a bankruptcy petition by Defendants, the parties agree

23 that any payments made pursuant to the terms of this Judgment, shall be deemed to have been

24 made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall

25 not be claimed as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor

26 nevertheless represents that no bankruptcy filing is anticipated.

27     16.    This Stipulation is limited to the agreement between the parties with respect to the

28 delinquent contributions and related sums enumerated herein, owed by Defendants to the

**NOTICE & ACKNOWLEDGMENT; JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-2986 SI**

P:\CLIENTS\OE3CL\Advanced Rock Crushing Service\Pleadings\Notice & Ack and Judgment Pursuant to Stipulation - 120412.DOC

1  Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.

2  Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal

3  liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, Trust

4  Agreements incorporated into their Collective Bargaining Agreement, and the law.

5       17.    Should any provision of this Stipulation be declared or determined by any court of

6  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

7  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

8  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

9  Stipulation.

10       18.    This Stipulation contains all of the terms agreed by the parties and no other

11  agreements have been made. Any changes to this Stipulation shall be effective only if made in

12  writing and signed by all parties hereto.

13       19.    This Stipulation may be executed in any number of counterparts and by facsimile,

14  each of which shall be deemed an original and all of which shall constitute the same instrument.

15       20.    The parties agree that the Court shall retain jurisdiction of this matter until this

16  Judgment is satisfied.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**NOTICE & ACKNOWLEDGMENT; JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-2986 SI**

P:\CLIENTS\OE3CL\Advanced Rock Crushing Service\Pleadings\Notice & Ack and Judgment Pursuant to Stipulation - 120412.DOC

21.    All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: November 16, 2012          **ADVANCED ROCK CRUSHING SERVICE, LLC**

By: _____/S/_____
                                  Todd Weiher
                                  President

Dated: November 16, 2012          **TODD WEIHER**

By: _____/S/_____
                                  Todd Weiher
                                  Individually, as Guarantor

Dated: November 27, 2012          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
                                  David E. Hayner
                                  Collections Manager

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

Date: __12/5/12_____        _____
                                  UNITED STATES DISTRICT COURT JUDGE

-11-
**NOTICE & ACKNOWLEDGMENT; JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-2986 SI**

P:\CLIENTS\OE3CL\Advanced Rock Crushing Service\Pleadings\Notice & Ack and Judgment Pursuant to Stipulation - 120412.DOC

1

## *Exhibit A*

2

### *JOB REPORT FORM*
**\*\*\* Updated report must be emailed to bwilliams@sjlawcorp.com or faxed to Blake E.
3   Williams, Esq., at (415) 882-9287
on or before the <u>last day</u> of each month \*\*\***

4

Employer Name: **ADVANCED ROCK CRUSHING SERVICE, LLC**

5

Report for the month of _____, 20\_\_\_\_Submitted by (name): _____

6

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

7
8
9
10
11
12
13
14
15
16

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

17
18
19
20
21
22
23
24
25
26

27   **\*\*\* Attach additional sheets as necessary \*\*\***

28

P:\CLIENTS\OE3CL\Advanced Rock Crushing Service\Pleadings\Notice & Ack and Judgment Pursuant to Stipulation - 120412.DOC

1   21.   All parties represent and warrant that they have had the opportunity to be or have

2   been represented by counsel of their own choosing in connection with entering this Stipulation

3   under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily

4   and without duress.

5   Dated: November 16, 2012          **ADVANCED ROCK CRUSHING SERVICE, LLC**

6

7                                    By: _____

8                                         Todd Weiher
                                         President

9   Dated: November 16, 2012          **TODD WEIHER**

10

11                                   By: _____

12                                        Todd Weiher
                                         Individually, as Guarantor

13  Dated: November ___, 2012          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

14

15                                   By: _____

16                                        David E. Hayner
                                         Collections Manager

17  **IT IS SO ORDERED.**

18  **IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

19  Date: _____        _____

20                                    UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

                                                                              -11-

1        21.    All parties represent and warrant that they have had the opportunity to be or have

2 been represented by counsel of their own choosing in connection with entering this Stipulation

3 under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily

4 and without duress.

5 Dated: November \_\_\_, 2012           **ADVANCED ROCK CRUSHING SERVICE, LLC**

6

7                                   By: _____

8                                           Todd Weiher
                                        President

9 Dated: November \_\_\_, 2012           **TODD WEIHER**

10

11                                   By: _____

12                                           Todd Weiher
                                        Individually, as Guarantor

13 Dated: November 27, 2012          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

14

15                                   By: _____

16                                           David E. Hayner
                                        Collections Manager

17 **IT IS SO ORDERED.**

18 **IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

19 Date: _____     _____

20                                       UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

                                                                                  -11-